**Harsimran SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–75005.**

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 2, 2010.

Manpreet Singh Gahra, Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Julie M. Iversen, Trial, Peter H. Matson, Esquire, Oil, Mark Christopher Walters, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

**MEMORANDUM ***

Harsimran Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where the motion was filed over two and a half years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish changed circumstances in India to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir.2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

We reject Singh's contention that the BIA's order was inadequate and without a reasoned analysis of the evidence, because the BIA's order contained "a statement of its reasons for denying the petitioner relief adequate for us to conduct our review." *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995). Further, Singh's contention that the BIA made an improper adverse credibility determination is belied by the record.

We decline to reconsider Singh's challenge to the IJ's adverse credibility determination because this court previously rejected his contentions. *See Singh v. Gonzales*, 196 Fed.Appx. 502 (9th Cir. 2006); *see also Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir.1991) (explaining that under the 'law of the case doctrine,' one panel of an appellate court will not reconsider questions which another panel

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.